THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOHNNIE L. BYRN, Defendant-Appellee.

(No. 71-12;

Fifth District—September 3, 1971.

*Rehearing denied October 28, 1971.*

William J. Scott, Attorney General, of Springfield, and Kenneth Powless, State's Attorney, of Marion, (James B. Zagel, Assistant Attorney General, of counsel,) for the People.

Bernard Arthur Paul, of Marion, for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

The defendant was charged by indictment with the crime of murder. The defendant filed a motion for discharge under the 160-day rule pursuant to Ill. Rev. Stat. 1969, ch. 38, pars. 103—5(b) and (d). The trial court granted the defendant's motion and from that order this appeal is taken.

On June 1, 1970, the defendant appeared in court with his attorney and pleaded not guilty to the charge of murder, as charged by information. On that date and at that time, the defendant also made a demand. "Your Honor, may we enter a demand for a speedy trial by jury at this time" to which the trial court replied, "Yes, let the record show that the defendant has entered a plea of not guilty and a demand for trial jury. That will conclude the proceedings at this time."

On June 3, 1970, a motion to dismiss the information was filed by the defendant. On June 9, 1970, defendant filed a motion for preliminary hearing. Both of these motions were heard on June 16, 1970. The motion to dismiss the information was denied. The motion for a preliminary hearing was granted. The preliminary hearing was set for June 18, 1970, and was held on that date. The court at that time found probable cause to remand the defendant to the custody of the sheriff to await grand jury action.

An indictment was returned by the grand jury and on July 29, 1970, a bench warrant was issued. Next, the defendant, on August 5, 1970, filed a motion for bail which was granted on August 10, 1970, and bail bond was filed on August 11, 1970. The defendant, also, on August 10, 1970, filed a motion to dismiss the indictment and a motion for discovery. These motions were never set for a hearing.

The defendant, on November 16, 1970, filed a motion to dismiss the charges under section 103—5 of the Criminal Code. The motion was granted on December 18, 1970.

The defendant was first arrested on May 27, 1970, and remained in custody until bail was granted. Confinement was for a total of 77 days. For 98 days he was out on bail. Then a total of 175 days after his arrest and 169 days after his demand for a speedy trial, defendant filed his motion to dismiss under the 160-day rule, while the motions for dismissal of the indictment and discovery were pending.

The statute with which we are concerned, (Ill. Rev. Stat. 1969, ch. 38, par. 103—5) states in part:

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, * * *."

"(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless the delay is occasioned by the defendant, * * *."

■■ In their briefs, the parties argue as to whether or not defendant made an effective oral demand for a speedy trial at the time of his arraignment on the information on June 1, 1970 while in custody. In this connection the State has pointed out that the trial court's response did not take specific cognizance of a demand for speedy trial, and, as revealed by the record, the court's minutes likewise made no mention of such demand. We need not resolve that question on the grounds submitted; at that time defendant was not on bail, but was in custody, and a demand for speedy trial was superfluous, since under section 103—5(a) an accused in custody has no duty to demand trial.

The remainder of the briefs of the parties are devoted to the question of whether the actions of the defendant constituted delays which toll the statutory period of 160 days, since defendant was admitted to bail 77 days after being taken into custody. For the purposes of such argument the State has assumed an effective and timely demand for speedy trial, and cites *People v. Johnson,* 45 Ill.2d 38, 257 N.E.2d 3, *People v. Hamby,* 27 Ill.2d 493, 190 N.E.2d 289, *People v. Jones,* (Ill.App.2d), 266 N.E.2d 411 and *People v. Ross,* (Ill.App.2d), 271 N.E.2d 100, as authorities for conduct that tolls the running of the 160-day statute. Defendant relies upon *People v. Kuczynski,* 33 Ill.2d 412, 211 N.E.2d 687 and *People v. McClure,* 106 Ill.App.2d 283 for authority that when a defendant is free on bail the 160-day period commences to run when the demand is made. Both parties overlook the fact, as reflected in those opinions, that the demand involved was a demand made by a person on bail at the time the demand was made.

Here the demand was not made by a person on bail. The request for speedy trial, assumedly made while defendant was in custody, was never renewed at the time of the filing the motion for bail or after defendant was admitted to bail. As a result there was no demand pursuant to section 103—5(b). Defendant has erroneously assumed, that defendant's demand was a continuing one, which made section 103—5(b) operative if and when defendant was released on bail, and had a retroactive effect.

■■ Sections 103—5(a) and (b) established two different categories of those charged with crimes. As pointed out previously, defendant's demand made while he was in custody was superfluous to start the 120 day period provided for speedy trial by section 103—5(a). It becomes operative as soon as one charged is taken into custody and remains in effect throughout the period a defendant is in custody. Section 103—5(b) does not become operative unless a demand for trial is made by a "person on bail" and upon such demand being made, a defendant is entitled to be tried within 160 days from the time of the demand made by such "person on bail". Here we have no demand made by a "person on bail." Our conclusion is supported by the language to be found in section 103—5(e) dealing with the requirements of speedy trial in cases in which there are multiple charges.

We therefore reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

CREBS and MORAN, JJ., concur.