THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. KEVIN CLAY GARRETT, Defendant-Appellee.

Fifth District   No. 5—87—0799

Opinion filed February 23, 1989.—Rehearing denied March 28, 1989.

HARRISON, J., dissenting.

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Terence M. Madsen and Marcia L. Friedl, Assistant Attorneys General, of Chicago, of counsel), for the People.

Thomas E. Hildebrand, Jr., of Granite City, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

Defendant, Kevin Clay Garrett, was arrested on March 9, 1987, for offenses arising from a shoot-out with police that same evening. He was subsequently charged by information on March 10, 1987, with two counts of attempted murder and one count of unlawful use of a firearm by a felon, and bond was set at $400,000. On March 30, 1987, defense counsel entered his appearance of record, Garrett's plea of not guilty and a demand for a speedy jury trial. On April 27, an amended information was filed adding one count of defacing identification marks on a firearm. On May 27, bond was reduced to $75,000 pursuant to Garrett's motion, and he was subsequently released on May 29, after posting bond.

The case was set for trial on June 8, 1987, and, on that date, Garrett successfully sought a continuance until July 1987. On August 5, 1987, the State sought and received a continuance to September 8, 1987. On October 5, 1987, the State again moved to continue the case because the only assistant Attorney General who had investigated, had interviewed the witnesses, and had prepared the case was conducting a trial in another matter. The motion was granted and trial was set for November 16, 1987.

On October 13, 1987, Garrett moved to dismiss on grounds that

he had not been brought to trial within 160 days of his demand for a speedy trial, as required by section 103—5(b) of the Illinois Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(b)). This motion was argued on November 9, 1987, and the court entered an order on November 18, 1987, finding that defendant's in-custody demand for a speedy trial was effective to trigger the running of the 160-day time period in which to bring defendant to trial, and that after subtracting the delay attributable to Garrett, more than 160 days had elapsed from Garrett's speedy trial demand. The trial court dismissed the case and this appeal followed.

■■ At issue is whether, under the facts of this case, a speedy trial demand made while in custody triggered the 160-day time period. Section 103—5 of the Illinois Code of Criminal Procedure of 1963 provides:

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, ***.

(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless the delay is occasioned by the defendant ***." Ill. Rev. Stat. 1987, ch. 38, pars. 103—5(a), (b).

The cases involving the issue presented here are limited in number; therefore, we will briefly discuss each of them. In *People v. Byrn* (1971), 3 Ill. App. 3d 362, 274 N.E.2d 186, the defendant made an oral demand for a speedy trial while in custody, but the trial court noted in the record only that he had made a demand for a jury trial. Defendant was subsequently released on bail, over two months after his demand for speedy trial was made. Several months later he moved to dismiss the charges against him as he had not been brought to trial within 160 days as required by section 103—5(b). The motion was granted but this court reversed the trial court's ruling, holding that section 103—5(b) applies only to defendants who are "on bail" and that the defendant must be "on bail" when his speedy trial demand is made.

In *People v. Arch* (1975), 33 Ill. App. 331, 337 N.E.2d 221, the defendant made a written demand for a speedy trial while in custody and was released on bail the following day. Distinguishing *Byrn*, the court held that as the demand for a speedy trial was a written one and therefore sufficient to put the State on notice that defendant was demanding a speedy trial, it would have been unduly repetitious to require defendant to renew that demand when released on bail the fol-

lowing day. The court, persuaded by the proximity in time of the defendant's demand for speedy trial to his release on bail, considered the defendant's demand to be a continuing one and held it to be sufficient to trigger the 160-day time period.

In *People v. Adams* (1982), 106 Ill. App. 3d 467, 435 N.E.2d 1203, the defendant made a written demand for a speedy trial while in custody and was subsequently released on bail several days later. Citing *Byrn*, the court held that because defendant's demand was made while still in custody and not renewed either when filing a motion for bail or after being released on bail, the running of the 160-day rule was not triggered.

In *People v. Gathings* (1984), 128 Ill. App. 3d 475, 470 N.E.2d 1260, the court found that the defendants were in fact tried within the 160-day time period, but went on to state that because their speedy trial demand was made contemporaneously with their bond motion it was effective to trigger the 160-day term. Although the appellate court discussed the validity of defendants' in-custody demand for a speedy trial, it was not dispositive of the issue in *Gathings*. The appellate court did not dismiss the charges against the defendants, as it found that the defendants had filed a motion for continuance which tolled the running of the statutory period, and whether the State had 120 days or 160 days in which to prosecute defendants was irrelevant.

In the present case, defendant relies on our recent decision in *People v. Frame* (1988), 165 Ill. App. 3d 585, 519 N.E.2d 482, for the proposition that a demand for a speedy trial made while in custody is effective to commence the running of the 160-day period. The defendant in *Frame* specifically stated in his speedy trial demand that it was to be a continuing one if he became "on bail." Defendant cites, in support of his argument, the language in *Frame* where we stated that

> "[a] defendant on bail must be tried within 160 days from the date on which he demands trial. (Ill. Rev. Stat. 1985, ch. 38, par. 103—5(b).) We do not interpret this section to mean that defendant must be on bail when he makes his demand."
> *Frame*, 165 Ill. App. 3d at 590, 519 N.E.2d at 486.

■ In addition to the foregoing cases, we note that it is well established that section 103—5 should be liberally construed so as to give effect to the constitutional right to a speedy trial; however, each case must be decided on its own facts. (*People v. Brown* (1982), 92 Ill. 2d 248, 442 N.E.2d 136; *People v. Pearson* (1981), 88 Ill. 2d 210, 430 N.E.2d 990.) Therefore, while the foregoing cited cases may be considered, it is the facts which are important in our resolution of the issue presented in this case.

■ The defendant's purported demand for speedy trial made on March 30, 1987, approximately two months prior to his release on bond, was entitled "Entry of Appearance, Plea of Not Guilty and Demand For Speedy Jury Trial." This document was clearly a form designed to accommodate any criminal defendant with the only uncompleted portion of the form being the defendant's name in the caption of the case. The document stated, in its entirety, as follows:

"Now comes Brandt, Slate & Hildebrand, and enter their appearance as attorneys of record on behalf of the Defendant, enter a plea of Not Guilty on behalf of said Defendant, and demand a speedy jury trial."

We find that the language of defendant's demand was insufficient to place the State on notice that he desired a speedy trial once he was released on bail. Our determination is based on the fact that the language of defendant's document cannot be considered as a continuing demand, unlike *Frame*; that there was almost two months lapse in time from the date of the demand and defendant's release on bail, unlike *Arch*; and that defendant's purported speedy trial demand was not made with any motion for bail bond, unlike *Frame* and *Gathings*, and was coupled with an entry of appearance and the entry of a plea of not guilty, thereby unsupportive of the inference that the demand was only made towards the view that defendant was anticipating an imminent release on bail and that he desired a speedy trial once he was released on bail.

Regarding our comments made in *Frame* upon which defendant relies, we note that those comments were made within the context of our discussion of the differences between the *Byrn* and *Adams* line of authority and the *Arch* and *Gathings* line of authority, and were not dispositive of the issue in *Frame*. Like *Arch*, the demand in *Frame* was a continuing one and is therefore distinguishable from *Byrn*. Defendant's demand was not a continuing demand and cannot be distinguished from *Byrn*.

For the foregoing reasons, the judgment of the circuit court of Madison County is reversed and remanded.

Reversed and remanded.

WELCH, P.J., concurs.

JUSTICE HARRISON, dissenting:

Section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(b)) provides in pertinent part that

every person on bail must be tried within 160 days from the date defendant demands trial. For the reasons set forth in *People v. Frame* (1988), 165 Ill. App. 3d 585, 589, 519 N.E.2d 482, 486, this statute does not require that defendant be on bail when he makes his demand. Therefore, under the facts in this case, the circuit court of Madison County was correct in dismissing this case as more than 160 days had elapsed after defendant made a speedy trial demand. I would affirm.