(No. 68601.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. KEVIN CLAY GARRETT, Appellant.

*Opinion filed May 23, 1990.*

RYAN, J., joined by STAMOS, J., dissenting.

Thomas E. Hildebrand, Jr., of Granite City, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Terence M. Madsen and Marcia L. Friedl, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE MILLER delivered the opinion of the court:

The defendant, Kevin Clay Garrett, was charged in the circuit court of Madison County with two counts of attempted murder, one count of unlawful use of a firearm by a felon, and one count of defacing identification marks on a firearm. All four charges were later dismissed on the defendant's motion alleging the State's failure to commence trial within the time period prescribed by section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(b)). The appellate court reversed the dismissal order and remanded the cause for further proceedings. (180 Ill.

App. 3d 482.) We allowed the defendant's petition for leave to appeal (107 Ill. 2d R. 315(a)), and we now affirm the judgment of the appellate court.

The procedural history of this case is not disputed. The defendant was taken into custody on March 9, 1987, following an alleged shootout with officers of the Madison and Venice, Illinois, police departments. The defendant was charged by information on March 10, 1987, with two counts of attempted murder and one count of unlawful possession of a firearm by a felon. Bail was set that day at $400,000. At his arraignment on March 27, 1987, the defendant, through counsel, pleaded not guilty to the charges and made an oral demand for a speedy jury trial. On March 30, defense counsel filed of record a document styled "Entry of Appearance, Plea of Not Guilty, and Demand for a Speedy Jury Trial." It stated, in its entirety, "Now comes Brandt, Slate & Hildebrand, and enter their appearance as attorneys of record on behalf of the Defendant, enter a plea of Not Guilty on behalf of said Defendant, and demand a speedy jury trial." An amended information was filed on April 24, 1987, realleging the three original offenses and adding a fourth count, defacing identification marks on a firearm. At the arraignment on the new charge, the defendant, through counsel, again pleaded not guilty and made an oral demand for a speedy jury trial.

On May 27, 1987, bail was reduced to $75,000 on the defendant's motion. Two days later, on May 29, the defendant posted sufficient bond and was released from custody. The case had been originally scheduled for trial on June 8, 1987, but the defendant filed a motion that day for a continuance; the motion was granted on June 10, and the case was continued to the July 1987 call. The defendant answered ready at a docket call on July 8, 1987; the next day, July 9, the matter was reassigned to

a different judge. On August 5, 1987, the case was continued on the State's motion.

On October 5, 1987, the State moved for and was granted another continuance. The basis for the State's request was that the prosecutor who was handling the case was then on trial in another matter. The motion also asserted that the defendant had not made a speedy-trial demand while on bail and that the demand made by the defendant while in custody was not in effect. At the hearing that day on the State's motion, there was some discussion of the speedy-trial question and the effect to be accorded the defendant's in-custody demand for trial. The parties represented that the hearing was being held on the 160th day following the date the defendant's demand was filed of record, excluding the period of delay chargeable to the defendant. At the conclusion of the hearing the circuit judge continued the matter on the State's motion.

On October 13, 1987, the defendant moved to dismiss the present charges on the ground that he had not been brought to trial within 160 days of the filing of his demand for a speedy trial, as required by section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(b)). In an order entered November 18, 1987, the circuit judge granted the defendant's motion and dismissed the pending charges. (See Ill. Rev. Stat. 1987, ch. 38, par. 114—1(a)(1).) In the written order, the judge explained that a speedy-trial demand made by an accused in custody may be given continuing effect, from the date it is made, in the event the accused is later released from custody. The judge noted that the State was aware of the defendant's demand for trial and of his subsequent release from custody.

The State appealed from the order dismissing the charges. (See 107 Ill. 2d R. 604(a)(1).) With one justice dissenting, the appellate court reversed the circuit

judge's ruling and remanded the cause for further proceedings. (180 Ill. App. 3d 482.) The appellate court believed that the speedy-trial demand made by the defendant while in custody "was insufficient to put the State on notice that [the defendant] desired a speedy trial once he was released on bail." (180 Ill. App. 3d at 486.) The court concluded that the defendant's demand was not a continuing one and thus did not operate once the defendant was released from custody. The dissenting justice believed that the defendant's in-custody demand for trial should be given effect under the statute. We allowed the defendant's petition for leave to appeal. 107 Ill. 2d R. 315(a).

Both the Federal and the State Constitutions guarantee an accused the right to a speedy trial. (U.S. Const. amends. VI, XIV; Ill. Const. 1970, art. I, §8; see *Klopfer v. North Carolina* (1967), 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988.) An additional right is found in section 103—5 of the Code of Criminal Procedure of 1963, which specifies periods of time within which an accused must be brought to trial. (Ill. Rev. Stat. 1987, ch. 38, par. 103—5.) Although the constitutional and statutory provisions address similar concerns, the rights established by them are not necessarily coextensive. (*People v. Richards* (1980), 81 Ill. 2d 454, 459.) In the present case, the defendant asserts only a violation of the statutory provision.

Section 103—5 provides in pertinent part:

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, ***.

(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is oc-

casioned by the defendant, ***." (Ill. Rev. Stat. 1987, ch. 38, pars. 103—5(a), (b).)

The two provisions differ in several material respects. Section 103—5(a) is applicable to those who are in custody, and it provides a 120-day period within which trial must commence. That period begins to run automatically when the accused is taken into custody, and no demand for trial is necessary. Section 103—5(b), available to those who have been released on bail or recognizance, allows 160 days in which to commence trial. Under that provision a demand for trial is required, and the period provided by the statute does not begin to run until the demand is made.

In support of the trial court's ruling dismissing the present charges, the defendant contends that an in-custody demand for a speedy trial should be accorded continuing effect from the time it is made. The defendant maintains that there is no language in section 103—5(b) requiring that the demand for trial be made while an accused is on bail or recognizance. The defendant argues that the failure to give continuing effect to an in-custody demand would enable the State to fashion a "280-day rule" out of the separate time periods provided by sections 103—5(a) and 103—5(b). In response, the State contends that the speedy-trial period provided by section 103—5(b) for persons on bail or recognizance is not triggered by a general, in-custody demand for trial unaccompanied by an attempt to seek release from custody. In addition, the State disclaims any reliance on a "280-day rule" and, without citation of authority, states that time spent in custody may be credited toward the 160-day period of section 103—5(b) if an accused makes a prompt demand for trial following his release.

Several decisions of the appellate court have considered the same question concerning the effect of a speedy-trial demand made by an accused while in cus-

tody. As the cases illustrate, different results have been reached under different circumstances, and a distinction has arisen between in-custody demands expressly made in contemplation of eventual release and in-custody demands, like the present one, not so made.

In *People v. Byrn* (1971), 3 Ill. App. 3d 362, the defendant was arrested on May 27. At his arraignment on June 1, the defendant pleaded not guilty to the charge against him and made an oral demand for a speedy jury trial. In response, the judge repeated the defendant's plea and jury demand but did not refer to the speedy-trial request. Following further proceedings, the defendant made a motion for bail on August 5; the motion was allowed on August 10, and the necessary bail bond was filed August 11. On November 16, the defendant moved to dismiss the charges under the 160-day rule, and the trial judge later granted the motion. The appellate court reversed. The court did not consider the parties' arguments whether the defendant had made a valid demand because of the trial judge's failure to specifically note the demand or record it in the minutes of the arraignment proceedings. The court concluded that a demand made by an accused while in custody is "superfluous," noting that the 120-day rule of section 103—5(a), applicable to incarcerated defendants, operates in the absence of a demand. (*Byrn*, 3 Ill. App. 3d at 363.) The court also concluded that the demand was not effective to start the 160-day period provided by section 103—5(b), construing that provision as requiring a demand by one "on bail." (*Byrn*, 3 Ill. App. 3d at 364.) Because the only speedy-trial demand made by the defendant had come while the defendant was still in custody, the court concluded that the 160-day period of section 103—5(b) never began running.

A similar result was reached in *People v. Adams* (1982), 106 Ill. App. 3d 467. The defendant in that case

was arrested on September 18. He made a formal demand for trial on October 5, and he was released on bond on October 8. The defendant was arrested the following January for a parole violation arising from the pending charges. The court rejected the defendant's argument that his detention for the parole violation meant that he was in custody with respect to the pending charges and thus subject to the 120-day provision. The court concluded that the relevant speedy-trial period was the one contained in section 103—5(b) for defendants not in custody. The court did not believe that the 160-day period had commenced running and therefore found no violation of the provision. The court noted that the defendant was still in custody on October 5 when he made his only demand for a speedy trial, and, citing *Byrn*, ruled that the demand was not effective to trigger the statute. *Adams*, 106 Ill. App. 3d at 471.

Several decisions have given continuing effect to in-custody demands expressly made in contemplation of the accused's eventual release. The defendant in *People v. Arch* (1975), 33 Ill. App. 3d 331, was arrested on February 26. At a preliminary hearing on March 1, the defendant filed a written demand for a speedy trial and had the amount of his bail reduced. The defendant was released on bond the next day, March 2. The trial judge later granted the defendant's motion for discharge under section 103—5(b). The appellate court affirmed that ruling. The court construed the defendant's demand for a speedy trial as a continuing one and therefore rejected the State's argument that the 160-day period had never begun running. Distinguishing *Byrn*, the *Arch* court noted that the defendant in its case was released from custody the day after he made his written demand for a speedy trial. The *Arch* court stated, "It would be unnecessarily repetitious to require that defendant repeat and renew his demand when the State had already been put

on notice by defendant's written demand a day earlier." (*Arch*, 33 Ill. App. 3d at 333.) In addition, the court believed that because the 120-day period applicable to incarcerated defendants runs automatically, "the only reason for [the defendant] to make a formal demand for speedy trial, contemporaneously with having bond reduced, was to start the 160-day period running." *Arch*, 33 Ill. App. 3d at 333.

Similar reasoning was employed in *People v. Gathings* (1984), 128 Ill. App. 3d 475. The two defendants in that case were in custody on March 18, when the appellate court's mandate reversing their convictions was filed in the circuit court. On May 21, the defendants moved to reinstate bond and demanded a speedy trial. One defendant was released on June 14, and the other defendant was released on June 24. The appellate court rejected the State's argument that the defendants' failure to renew their speedy-trial demands following their release on bond prevented the 160-day statute from coming in operation. The court noted that the defendants' demand for trial had been made simultaneously with their bond motion. Citing *Adams* and *Arch*, the court stated that requiring "a new demand would be unduly repetitious." (*Gathings*, 128 Ill. App. 3d 479-80.) Nonetheless, the court concluded that trial was commenced in a timely manner, finding delay attributable to the defendants. In light of that result, the court did not determine whether, in computing the 160-day period under section 103—5(b), a previously incarcerated defendant is entitled to credit for the time spent in custody.

*People v. Frame* (1988), 165 Ill. App. 3d 585, also gave effect to a defendant's in-custody demand for trial. There, the defendant was arrested on November 24 and taken into custody at that time. On November 27, defense counsel filed his appearance on the defendant's behalf. The same document demanded a speedy trial, and

specifically stated that the demand was intended to be a continuing one, effective if the defendant was released on bail. In addition, counsel's appearance form requested a hearing for what was termed "bail relief." The defendant posted bond on March 21 of the following year, 118 days after being taken into custody. The defendant later filed a motion for discharge, contending that he had not been brought to trial within 160 days of his speedy-trial demand. The circuit court granted the motion. The appellate court agreed that the defendant's demand was effective. The court took note of the divergent authority on this issue in Illinois but believed that the present case was distinguishable. The defendant's demand for a speedy trial "was a continuing one, specifically directed to the possibility that defendant might be released on bail at a future date. The wording of the demand put the State on notice that defendant demanded a speedy trial in the event of his release from custody prior to trial." (*Frame*, 165 Ill. App. 3d at 590.) The appellate court concluded that the purpose of the statute would not have been served by requiring that the defendant make a further demand following his release from custody. The defendant in that case was charged with three different offenses, and the appellate court agreed that the defendant's speedy-trial right was violated on two of the charges; with respect to the remaining charge, the court found that the speedy-trial period had been tolled by delay attributable to the defendant.

In the present case, the appellate court believed that *Arch, Gathings,* and *Frame* were distinguishable. The appellate court noted that the present defendant's trial demand was filed almost two months before the defendant was eventually released from custody, that his demand was not made in conjunction with a motion intended to gain his release, and that his demand was not expressly phrased as a continuing one, to become effec-

tive upon his release. The appellate court concluded that the case could not be distinguished from *Byrn* and therefore refused to give effect to the defendant's demand for trial. 180 Ill. App. 3d at 486.

The issue presented is one of statutory interpretation. A court's duty in that regard is to ascertain and give effect to the legislature's intent. (*People v. Parker* (1988), 123 Ill. 2d 204, 209.) That inquiry begins with the language of the statute (*People v. Hare* (1988), 119 Ill. 2d 441, 447), and it entails consideration of " 'the reason and necessity for the law, the evils to be remedied, and the objects and purposes to be obtained' " (*People v. Alejos* (1983), 97 Ill. 2d 502, 511).

As we have stated, the speedy-trial provision of section 103—5(b) does not come into play unless a defendant demands trial. The evident purpose of that requirement is to notify the prosecution of the out-of-custody defendant's interest in obtaining an expeditious resolution of the charges pending against him. For those in custody, however, such an interest is assumed by the statute. Thus, the speedy-trial period specified by section 103—5(a), applicable to persons in custody, begins to run automatically, and no demand for trial is required under that provision. In contrast, the speedy-trial period specified by section 103—5(b), available to those released on bail or recognizance, does not begin running until a demand for trial is made. Section 103—5(b) states, "Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial ***." We believe that the language of that provision contemplates that a speedy-trial demand will be made by a defendant who is on bail or recognizance at the time the demand is made. Under the statutory scheme, a demand made by an accused in custody is premature, and we do not discern an intent by

the legislature that such a demand should have any effect.

To give continuing effect to such a demand made by a defendant while in custody would necessitate the use of two separate speedy-trial clocks, measured by different periods of time and calculated from different starting points: the 120-day period provided by section 103—5(a), computed from the date the defendant was taken into custody, and the 160-day period of section 103—5(b), computed from the date the defendant demanded trial. Presumably, the first clock would operate while the defendant remained in custody; upon the defendant's release on bail or recognizance, the second clock would then control, and the defendant would have credit for time spent in custody following the making of his demand. Although such a system may be a solution to the problem presented, we find no evidence in the statute that the legislature intended for that result to be available here.

Related provisions support our interpretation of the speedy-trial scheme of sections 103—5(a) and 103—5(b). That the legislature contemplated a firm distinction between those in custody and those on bail or recognizance is manifest in section 103—5(e), which is applicable when "a person is simultaneously in custody upon more than one charge pending against him in the same county, or simultaneously demands trial upon more than one charge pending against him in the same county." (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(e); see *People v. Arnhold* (1987), 115 Ill. 2d 379.) Notably, section 3—8—10 of the Unified Code of Corrections, concerning intrastate detainers, expressly makes the demand requirement and 160-day speedy-trial period of section 103—5(b) available to persons committed to the Department of Corrections. (Ill. Rev. Stat. 1987, ch. 38, par. 1003—8—10.) There is no similar provision making section 103—5(b) available to

one in custody on an untried charge, as in the circumstances of this case.

We are aware that the speedy-trial provisions of section 103—5 are to be construed liberally. (*People v. Turner* (1989), 128 Ill. 2d 540, 550.) It appears that the rationale expressed in *Frame*, *Gathings*, and *Arch* was intended to avoid what was perceived to be the harsh consequences resulting from a defendant's failure to renew a previously made speedy-trial demand upon his release from custody. Those intentions, however, cannot be reconciled with the statutory scheme we have detailed. Accordingly, to the extent that those decisions conflict with our present holding, they are overruled. For similar reasons, we must question the State's supposition that a defendant who is eventually released on bail or recognizance and then makes a demand for trial may claim a credit for time spent in custody preceding his release. That theory cannot be squared with the clear language of section 103—5(b). As we have indicated, the 160-day speedy-trial period available under that provision to defendants who have been released on bail or recognizance does not commence running until an effective demand for trial is made. Allowance of a credit in the circumstances described would be contrary to that rule. Finally, we note that there is no suggestion in this case that the State secured the defendant's release in an attempt to avoid the mandate of the speedy-trial provisions.

For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

JUSTICE RYAN, dissenting:

I disagree with the majority's holding that the 160-day speedy-trial provision of section 103—5(b) of the Code of Criminal Procedure (Ill. Rev. Stat. 1987, ch. 38,

par. 103—5(b)) commences running only upon a speedy-trial demand made by one who has actually been released on bail or recognizance. The language of that provision does not suggest such a result, and the majority's construction will yield consequences I find clearly unintended by the legislature.

There is an obvious distinction drawn in sections 103—5(a) and (b) between those held in custody and those who have been released on bail or recognizance. However, the statute does not require that a person must actually be on bail or recognizance at the time he makes his speedy-trial demand in order for the 160-day provision of section 103—5(b) to attach. Because the 120-day in-custody provision of section 103—5(a) operates automatically and independently of any demand made by a defendant, the only reason for a defendant to make such a demand is to start the 160-day period running, with a view toward his possible release prior to the expiration of the 120-day period. I see nothing in the language of the statute to suggest that such a demand ought not be effective from the time it is made, regardless of the fact that the defendant is still in custody. By making such a demand while in custody, the defendant can be sure of a speedy trial—he must be tried within 120 days if he remains in custody, or within 160 days from the date of demand if he is released from custody before the 120-day period expires.

The majority opinion states that the legislature did not countenance the simultaneous running of two separate speedy-trial clocks for criminal defendants held in custody who have made demands for speedy trial. There is, however, nothing in the statute indicating that the legislature intended otherwise. If a person in custody demands a speedy trial, then the statute operates to ensure that if he is released on bail or recognizance prior to the

expiration of the automatic 120-day period, at least he will be entitled to trial within 160 days of his demand.

Under the majority's holding, the State could be allowed nearly 280 days to try a defendant. I do not believe that such results were intended by the legislature. As the majority notes, the right to a speedy trial guaranteed by the Illinois Constitution (Ill. Const. 1970, art. I, §8) is not necessarily coextensive with the right to a speedy trial guaranteed by the statute here in consideration. (*People v. Richards* (1980), 81 Ill. 2d 454, 459.) However, this court has interpreted the statute as implementing the constitutional right, and has recognized that the statute should be liberally construed to that effect. (*People v. Reimolds* (1982), 92 Ill. 2d 101, 106.) It is clear that this right stands in favor of the individual defendant as a check against arbitrary and oppressive delays. (*People v. Morris* (1954), 3 Ill. 2d 437, 441.) In the present case, defendant demanded a speedy trial three times while he was in custody. The State was aware that defendant desired a speedy trial. I fear that the majority's construction of the statute undermines the protection afforded by the statute in a manner unintended by the legislature and grants prosecutors an instrument with which they may, on a whim, contravene a defendant's legitimate demand for a speedy trial. If our speedy-trial statute is intended to implement a defendant's constitutional right to a speedy trial, the period of time before trial should be approximately the same for all defendants. Under the majority opinion, if a defendant is arrested, makes bail and demands a speedy trial, his constitutional right, as implemented by the statute, is to a trial within 160 days. If his codefendant is arrested at the same time and also demands a speedy trial but is not released on bail until 110 days later, his constitutional right to a speedy trial, as implemented by the

statute, would mean a trial, at the earliest, 270 days later.

For the above reasons, I would reverse the appellate court and affirm the circuit court's order dismissing the charges against defendant.

JUSTICE STAMOS joins in this dissent.