THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. LEAMON R. CAVITT, JR., Defendant-Appellee.

Fifth District   No. 5—92—0107

Opinion filed July 9, 1993.—Rehearing denied August 9, 1993.

RARICK, J., dissenting.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and Scott A. Manuel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel M. Kirwan and Michelle A. Zalisko, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

JUSTICE WELCH delivered the opinion of the court:

This case involves the interpretation and application of the speedy trial statute, and particularly subparagraph (e) thereof, which provides:

> "If a person is simultaneously in custody upon more than one charge pending against him in the same county, or simultaneously demands trial upon more than one charge pending against him in the same county, he shall be tried, or adjudged guilty after waiver of trial, upon at least one such charge before expiration relative to any of such pending charges of the period prescribed by subsections (a) and (b) of this Section. Such person shall be tried upon all of the remaining charges thus pending within 160 days from the date on which judgment relative to the first charge thus prosecuted is rendered ***; if either such period of 160 days expires without the commencement of trial of, or adjudication of guilt after waiver of trial of, any of such remaining charges thus pending, such charge or

charges shall be dismissed and barred for want of prosecution unless delay is occasioned by the defendant ***." (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(e).)

Subsection (a) of the statute provides that every person in custody shall be tried within 120 days from the date of being taken into custody. (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(a).) Subsection (b) provides that every person on bail or recognizance shall be tried within 160 days from the date he or she demands trial. Ill. Rev. Stat. 1989, ch. 38, par. 103—5(b).

This appeal is brought by the People of the State of Illinois (hereinafter the State) from an order of the circuit court of St. Clair County, dated January 22, 1992, dismissing a charge of first-degree murder against the defendant, Leamon R. Cavitt, Jr., for violation of his right to a speedy trial. The State argues that, pursuant to subparagraph (e) of the speedy trial statute, it had additional time in which to try defendant because he was in simultaneous custody on the murder charge and an unrelated drug charge or, alternatively, he had made simultaneous demands for trial on both the murder and drug charges. The State argues that it had 160 days from the date judgment was rendered on the drug charge in which to try defendant on the murder charge. Because we agree with the State, we reverse the order of the circuit court of St. Clair County dismissing with prejudice the first-degree murder charge against defendant, and we remand this cause for further proceedings thereon.

On March 16, 1990, a "Criminal Complaint" was filed in the circuit court of St. Clair County charging defendant with first-degree murder. Defendant was taken into custody on that date and was held without bond. On April 6, 1990, a bill of indictment was returned charging defendant with first-degree murder and superseding the criminal complaint previously filed. On May 7, 1990, defendant posted bond on the murder charge and was released from jail.

On June 3, 1991, defendant filed a written demand for a speedy trial on the murder charge. Subsequently, the State filed several motions for continuances because of its inability to locate a material and crucial witness. These motions were granted.

On November 6, 1991, 156 days after defendant's demand for speedy trial, the State filed a motion to continue the case for 60 days pursuant to section 103—5(c) of the Code of Criminal Procedure of 1963. That section of the speedy trial statute allows the State to apply for a 60-day continuance of the speedy trial period where it has unsuccessfully exercised due diligence to obtain material evidence and there are reasonable grounds to believe that the evidence may be ob-

tained at a later date. (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(c).) The State's motion for continuance alleges that on May 25, 1991, defendant had been arrested for an unrelated drug offense and that he had remained in custody on that charge since that date. The motion argues that after defendant was taken into custody on the drug charge, he was simultaneously demanding trial on both the murder and the drug charges, and that having tried the defendant within 120 days of his having been taken into custody on the drug charge, the State had an additional 160 days from the date of judgment in the drug case to try defendant for murder. The motion sought a continuance of 60 days because of the State's inability to locate a material and crucial eyewitness to the murder.

On November 7, 1991, defendant moved for dismissal of the murder charge for the reason that the State had denied him his right to a speedy trial. On that same date, the State's motion for a continuance of 60 days was granted to allow the State additional time to locate the material witness.

On January 22, 1992, defendant filed a motion to dismiss the murder charge for violation of his right to a speedy trial. The motion argues that defendant has never been in simultaneous custody upon more than one charge in that he has been free on bond on the murder charge. The motion notes that at no time had the State sought to place defendant in simultaneous custody on the murder and drug charges by moving to revoke defendant's bond on the murder charge.

On January 22, 1992, a hearing was held on defendant's motion to dismiss. The State indicated that it had been unable to locate a material witness. The State argued that upon being placed in custody on the drug charge, defendant was demanding a speedy trial simultaneously with his demand for speedy trial on the murder charge. Defendant had been tried on the drug charge within 120 days of having been taken into custody and had been sentenced on that charge on November 25, 1991. Thus, the State had 160 days from November 25, 1991, to try defendant on the murder charge.

Defendant pointed out that he had never demanded a speedy trial on the drug charge and that, in fact, defendant had repeatedly sought continuances of that trial. Thus, defendant argued, there was no simultaneous demand for a speedy trial. The State responded that as long as defendant is in custody he is implicitly demanding trial. The court acknowledged that defendant had not demanded trial on the drug charge and had in fact wished to have the murder charge tried first. Defendant also argued that the State could have placed defendant in simultaneous custody by moving to revoke his bond on the mur-

der charge, but the State had failed to do so. The court granted defendant's motion to dismiss. The State filed its notice of appeal on February 14, 1992.

■ Before addressing the State's argument that defendant was in simultaneous custody or, alternatively, that he made simultaneous demands for speedy trial on the murder and drug charges, there is a preliminary matter which we must address. Defendant argues that this court is without jurisdiction to hear the State's appeal because the State failed to file a motion asking the trial court to reconsider its decision. Defendant relies on *People v. Macke* (1992), 224 Ill. App. 3d 815, 587 N.E.2d 1113, in which this court held that defendant's failure to file a motion to reduce his sentence as required by section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(c)) precludes defendant's appeal of his sentence. Defendant argues that because the State in the instant case did not file a motion to have the trial court reconsider its decision, the State did not comply with the dictates of *Macke*, and this court is without jurisdiction to hear the State's appeal.

We find no merit in the defendant's argument. We point out that the "dictates of *Macke*" are simply that a defendant comply with a statute which requires the filing in the trial court of a motion to reduce sentence prior to defendant appealing that sentence. *Macke* simply requires compliance with the statute. In any event, *Macke* cannot be read to require the State to file a motion to reconsider prior to appealing an order of the trial court dismissing a criminal charge for violation of the speedy trial statute, nor does defendant direct us to any statute or case law which requires the filing of such a motion prior to appeal. Finally, we note that in those cases in which a defendant is required to file what we will call a post-judgment motion in the trial court prior to appeal, that requirement is set by statute. We are aware of no statute requiring the filing of such a motion by the State prior to appeal, and we are not prepared to establish such a requirement in this case.

We turn now to the substance of the State's appeal. Because it was the argument raised before the trial court, we will address first the State's argument that there were two simultaneous demands for speedy trial here in that, pursuant to section 103—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(a)), a demand for speedy trial was automatically made for defendant upon his being taken into and held in custody on the drug charge. Defendant was held in custody on the drug charge, and the State argues that a demand for speedy trial on this charge was made auto-

matically for defendant by virtue of section 103—5(a). Defendant was released on bond on the murder charge but made a formal written demand for speedy trial on that charge pursuant to section 103—5(b) of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(b).) Thus, the State argues, there were simultaneous demands for speedy trial upon the two charges and, pursuant to section 103—5(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(e)), the State had an extended time period in which to bring defendant to trial on the second charge prosecuted.

■ Pursuant to section 103—5(a), a defendant in custody is not statutorily required to make a demand for speedy trial. (*People v. Thomas* (1986), 149 Ill. App. 3d 1, 7, 500 N.E.2d 652, 656.) The 120-day speedy trial period applies and begins to run automatically. (*People v. Cornwell* (1973), 9 Ill. App. 3d 799, 800, 293 N.E.2d 139, 140.) The accused in custody has no duty to demand trial; instead, the State has the duty to bring the defendant to trial within the statutory period. (*People v. Grant* (1982), 104 Ill. App. 3d 183, 188, 432 N.E.2d 1129, 1132.) Thus, a demand for speedy trial is made automatically on behalf of the defendant by virtue of section 103—5(a). Indeed, in *People v. Byrn* (1971), 3 Ill. App. 3d 362, 363, 274 N.E.2d 186, 187, this court held that a demand for speedy trial by a defendant in custody is "superfluous" because under section 103—5(a) there is no duty to demand trial. In that case we stated:

> "[D]efendant's demand made while he was in custody was superfluous to start the 120 day period provided for speedy trial by section 103—5(a). It becomes operative as soon as one charged is taken into custody and remains in effect throughout the period a defendant is in custody. Section 103—5(b) does not become operative unless a demand for trial is made by a 'person on bail' and upon such demand being made, a defendant is entitled to be tried within 160 days from the time of the demand made by such 'person on bail.' " (*Byrn*, 3 Ill. App. 3d at 364, 274 N.E.2d at 188.)

Thus, we conclude that a demand for speedy trial is automatically made for a defendant who is in custody by virtue of section 103—5(a), unlike a defendant who is released on bail or recognizance and must make a formal demand for speedy trial.

In *People v. Garrett* (1990), 136 Ill. 2d 318, 555 N.E.2d 353, our supreme court pointed out that the 120-day speedy trial period established in section 103—5(a) begins to run automatically when the accused is taken into custody, and no demand for trial is necessary. The supreme court held:

"The evident purpose of [the requirement of a formal demand in subsection (b)] is to notify the prosecution of the out-of-custody defendant's interest in obtaining an expeditious resolution of the charges pending against him. For those in custody, however, such an interest is assumed by the statute. Thus, the speedy-trial period specified by section 103—5(a), applicable to persons in custody, begins to run automatically, and no demand for trial is required under that provision. In contrast, the speedy-trial period specified by section 103—5(b), available to those released on bail or recognizance, does not begin running until a demand for trial is made." *Garrett*, 136 Ill. 2d at 329, 555 N.E.2d at 358.

■ We conclude that this makes clear that a demand for speedy trial by a defendant held in custody is "assumed by the statute" as it is made automatically for the defendant by virtue of section 103—5(a). Accordingly, we find that there were in the instant case simultaneous demands for speedy trial on the murder and drug charges and that the State had an additional 160 days from the date judgment was rendered on the drug charge in which to try defendant on the murder charge.

We also conclude that our holding squares with the legislative intent behind section 103—5(e), which is "to preserve a defendant's right to a speedy trial and at the same time to mitigate the State's burden of preparing more than one charge for trial against a single incarcerated defendant." *People v. Wilson* (1974), 19 Ill. App. 3d 466, 468, 311 N.E.2d 759, 761.

Defendant argues that our construction of the statute is not necessary because the State may, by revoking a defendant's bond on one charge when he is in custody on another, ensure that the defendant is in simultaneous custody on more than one charge, satisfying the requirements of subparagraph (e) of the speedy trial statute. We find the defendant's proposed solution unsatisfactory. The State does not have the power to revoke a bond on its own. The State may only petition the court to revoke the defendant's bond, and in the case where that petition is denied, the State is left in the same position of having to prepare two separate cases against the same defendant simultaneously. We will not ignore the reality of the difficulty faced by a prosecutor who must prepare more than one case for trial against a single defendant who, by being held in custody on one charge and having filed a demand for speedy trial on another charge for which he is released on bond, seeks to force the prosecutor to prepare both those cases within a very short time. It is our opinion that subparagraph (e)

of the speedy trial statute was designed to mitigate this heavy burden on the prosecutor.

The State also argues in the alternative that defendant was in simultaneous custody on the two charges within the meaning of section 103—5(e). In light of our disposition of this cause in favor of the State and because this argument was not raised before the trial court, we decline to discuss this alternative argument of the State.

In conclusion, we find that pursuant to subparagraph (e) of the speedy trial statute (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(e)), the State had 160 days from November 25, 1991, the date judgment was rendered on the drug charge, in which to try defendant on the murder charge. The trial court erred in dismissing the murder indictment on January 22, 1992, for violation of defendant's right to a speedy trial.

For the forgoing reasons, the judgment of the circuit court of St. Clair County dismissing with prejudice the charge of first-degree murder against defendant is reversed, and this cause is remanded for further proceedings.

Reversed and remanded.

CHAPMAN, P.J., concurs.

JUSTICE RARICK, dissenting:

I dissent. In my view, defendant did not make simultaneous demands for trial, and the trial court correctly granted defendant's motion to dismiss on the basis that the speedy trial term had run. The majority's conclusion that a demand for speedy trial is automatically made by section 103—5(a) is premised on the fact that, under section 103—5(a), a defendant is not required to make a demand for speedy trial in order to initiate the running of the 120-day speedy trial term. This conclusion, in my view, does not logically flow from the premise.

The majority expresses concern for the difficulty faced by a prosecutor who must prepare more than one case for trial against a defendant who, by being held in custody on one charge and having filed a demand for speedy trial on another charge for which he is released on bond, seeks to force the prosecutor to prepare both cases within a short time. It is clear to me that there is a statutory solution to this situation. The prosecutor can simply move to revoke the defendant's bond, a procedure which the prosecution inexplicably overlooked in this case. One of the statutory conditions of defendant's bond was that he not violate any criminal statute of any jurisdiction.

(Ill. Rev. Stat. 1991, ch. 38, par. 110—10(a)(4).) His arrest on the new unrelated drug charge was clearly a violation of this condition, and the prosecution was free to petition the court for revocation of defendant's bail. Defendant was charged with unlawful possession with intent to deliver a controlled substance, 6.7 grams of crack cocaine (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(c)(2)), a Class 2 felony. Under the provisions of section 110—6(f) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 110—6(f)), the trial court was *required* to revoke defendant's bail. A revocation would have brought the case clearly within the simultaneous-custody provision of section 103—5(e), thus avoiding the situation of having the prosecutor simultaneously preparing two separate cases for trial. The State concedes that the facts of this case do not fall squarely within the language of section 103—5(e). Consequently, I believe the majority's strained construction and unnecessary expansion of section 103—5(e) is unwarranted when a statutory remedy already exists.

I also believe the majority opinion violates the often-stated rule that the speedy trial statute is to be liberally construed so as to give effect to the constitutional right to a speedy trial. (See *People v. Brown* (1982), 92 Ill. 2d 248, 259, 442 N.E.2d 136, 140.) In the instant case defendant was initially charged with first-degree murder on March 16, 1990, and released on bail on May 9, 1990. Over defendant's objections, the case was continued upon motion of the State five times. Defendant was arrested on the unrelated drug charge on May 25, 1991, and, being unable to post bail on that charge, remained in custody. On November 8, 1991, the trial court again granted the State's motion for another 60-day continuance, alleging that after the exercise of due diligence the State was unable to find a material witness. On January 22, 1992, some 20 months after the initial murder charge was filed, defendant filed his motion to dismiss alleging violation of his speedy trial rights. Given this sequence of events, I believe the majority's interpretation of section 103—5(e) also conflicts with well-established principle that a criminal statute is to be strictly construed in favor of the accused, and nothing is to be taken by intendment or implication against the accused beyond the obvious or literal meaning of the statute. *People v. Fosdick* (1967), 36 Ill. 2d 524, 224 N.E.2d 242; see also *People v. Arnhold* (1987), 115 Ill. 2d 379, 383, 504 N.E.2d 100, 101-02.