2023 IL App (3d) 220055

Opinion filed July 12, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0055 Circuit No. 18-CF-2137 |
| JERRY A. STEVENSON, | ) ) ) | Honorable Ann Celine O'Hallaren Walsh, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court, with opinion.
Justices McDade and Hettel concurred in the judgment and opinion.

_____

**OPINION**

¶ 1        Defendant, Jerry A. Stevenson, appeals his conviction for aggravated driving while under the influence (DUI). Defendant argues that his statutory speedy trial rights were violated where the State filed additional felony charges stemming from the same incident almost a year after the initial indictment. Further, defendant argues that the Du Page County circuit court erred in denying him the opportunity to elect to be sentenced under a new, favorable sentencing provision where the change in law occurred while his motion to reconsider sentence was pending. We affirm.

## I. BACKGROUND

On August 13, 2018, defendant was involved in a single car accident. He was issued various traffic citations and placed under arrest.[1] On September 20, 2018, the State charged defendant with felony driving while license revoked (DWLR) (625 ILCS 5/6-303(d-4) (West 2018)). On that date, a bench warrant was issued for defendant's arrest. The warrant was served on December 28, 2018. Defendant posted bond and was released from custody that same day.

Between March 14 and August 20, 2019, the State indicted defendant on five additional counts of aggravated DUI under varying legal theories, stemming from the same August 13, 2018, traffic accident. Relevant to this appeal, count V of the indictment alleged that defendant committed aggravated DUI where he drove a vehicle while the alcohol concentration in his blood was 0.16 or more and he had committed "a violation of 625 ILCS 5/11- 501(a) or similar provision at least three (3) prior times." See *id.* § 11-501(a)(1), (d)(1)(A), (d)(2)(C).

On November 1, 2019, defendant entered an open plea of guilty to count V. After a series of delays, defendant was sentenced on May 10, 2021. At that time, the court sentenced defendant to seven years' imprisonment followed by two years' mandatory supervised release (MSR). Defendant filed a motion to reconsider sentence. At the July 16, 2021, hearing, the court noted that defendant was sentenced on May 10 and indicated that the new MSR period for Class 2 felonies took effect on July 1, 2021, and would not apply to defendant since he was sentenced prior to that date. Defense counsel agreed that the MSR changes would not apply to defendant. The court denied defendant's motion to reconsider sentence. Defendant appeals.

---

[1]The record on appeal begins on September 20, 2018, when the first felony count was charged. Accordingly, it does not reflect when defendant was released from custody after his initial arrest.

¶ 6                                    II. ANALYSIS

¶ 7        On appeal, defendant argues that his speedy trial rights were violated. Further, defendant argues that he was entitled to elect the benefit of a change to the sentencing law resulting in a lesser term of MSR. Defendant acknowledges that he forfeited these issues but argues they are reversible plain errors.

¶ 8        The plain error doctrine permits a reviewing court to remedy a "clear or obvious error" when (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error," or (2) "that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). Defendant contends that his claims of error are reversible under the second prong of the plain error analysis. The first step of the plain error analysis is to determine whether an error occurred. *People v. Eppinger*, 2013 IL 114121, ¶ 19.

¶ 9                              A. Speedy Trial Violation

¶ 10       First, defendant argues that his speedy trial rights were violated when the State filed new charges of aggravated DUI more than one year after he was initially indicted for DWLR stemming from the same August 13, 2018, traffic accident. A defendant is guaranteed the right to a speedy trial both constitutionally and statutorily. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8; 725 ILCS 5/103-5 (West 2018). While the constitutional and statutory rights address comparable concerns, "the rights established by each of them are not necessarily coextensive." *People v. Kliner*, 185 Ill. 2d 81, 114 (1998). Here, defendant argues a violation of his statutory right to a speedy trial. The speedy trial statute provides, in relevant part, that:

                                          3

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he *** was taken into custody unless delay is occasioned by the defendant ***. ***

***

(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant ***. ***

For purposes of computing the 160 day period under this subsection (b), every person who was in custody for an alleged offense and demanded trial and is subsequently released on bail or recognizance and demands trial, shall be given credit for time spent in custody following the making of the demand while in custody. Any demand for trial made under this subsection (b) shall be in writing ***." 725 ILCS 5/103-5(a), (b) (West 2018).

The 120-day speedy trial period, prescribed by section 103-5(a) of the Code of Criminal Procedure of 1963 (Code) (*id.*), begins when defendant is taken into custody, regardless of whether he makes a demand for trial. *People v. Garrett*, 136 Ill. 2d 318, 324 (1990). However, section 103-5(b) requires defendants who are not in custody to make a written demand to start the 160-day speedy trial period. *Id.*; 725 ILCS 5/103-5(b) (West 2018). Here, multiple related charges are involved, which complicates the calculation of the speedy trial period. *People v. Williams*, 204 Ill. 2d 191, 198 (2003). In such instances, we must determine whether the compulsory joinder rule applies. *People v. Rogers*, 2021 IL 126163, ¶ 30.

¶ 11          Under the compulsory joinder rule, the State is required to join multiple charges against a defendant into a single prosecution if the charges are (1) known to the prosecutor at the

4

commencement of the prosecution, (2) within the jurisdiction of the same court, and (3) based upon the same act. *People v. Kazenko*, 2012 IL App (3d) 110529, ¶ 12. When the initial and subsequent charges are subject to compulsory joinder, these multiple charges are subject to the same speedy trial period. *People v. Hunter*, 2013 IL 114100, ¶ 10.

> "[W]hen the compulsory-joinder rule applies, a delay that occurs on the original charge (or charges) and that is attributable to defendant will not toll the speedy-trial period as to a subsequent charge (or charges), if the delay occurred before the subsequent charge was filed because the subsequent charge was not before the court when the delay occurred." *Kazenko*, 2012 IL App (3d) 110529, ¶ 13.

¶ 12        The parties disagree on whether compulsory joinder applies to these charges. Even assuming, *arguendo*, that it does, no speedy trial violation occurred. Defendant asserts that each of the 334 days between the initial indictment and the filing of the aggravated DUI charges are attributable to the State and far exceed the 160-day period allowed by statute. However, the record is completely devoid of any demand for trial. "[T]he 160-day speedy-trial period available *** to defendants who have been released on bail or recognizance does not commence running until an effective demand for trial is made." *Garrett*, 136 Ill. 2d at 331.

¶ 13        Defendant points out that the speedy trial period began when he was arrested on August 13, 2018. While no demand is necessary for defendants in custody to begin the speedy trial clock under section 103-5(a) of the Code, section 103-5(b) imposes a duty on defendants who are not in custody to demand a speedy trial in writing. 725 ILCS 5/103-5(a), (b) (West 2018). Section 103-5(b) addresses the issue of when a defendant begins in custody and is subsequently released. *Id.* Where an effective demand was made in custody, a defendant receives credit for the days accrued during that period. *Id.* Accordingly, the plain language of the statute illustrates that defendant's

5

custodial status from August 13, 2018, until September 19, 2018, does not relieve him of the duty to make an effective demand for trial. While the parties' arguments did not focus on this duty, it is readily apparent from the record that no clear or obvious error occurred. See *People v. Tondini*, 2019 IL App (3d) 170370, ¶ 25 (providing that this court "may affirm for any reason apparent on the record").

¶ 14 Defendant argues that, in the absence of finding plain error, we should find ineffective assistance of counsel for failing to preserve the issue. Defendant contends that counsel's failure to raise this issue also constitutes a lack of compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).[2] To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defendant. *People v. Veach*, 2017 IL 120649, ¶ 30; *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Where no speedy trial violation occurred, counsel did not provide ineffective assistance or fail to comply with Rule 604(d). See *People v. Pitsonbarger*, 205 Ill. 2d 444, 465 (2002) ("if the underlying claim has no merit, no prejudice resulted, and [defendant's] claims of ineffective assistance of counsel *** must fail").

¶ 15                               B. Mandatory Supervised Release

¶ 16 Next, defendant argues that, where there was a change in law governing the length of MSR, he is entitled to elect the benefit of that change where his motion to reconsider sentence was pending before the court at the time of the change. Prior to July 1, 2021, the sentencing provisions for most Class 2 felonies included two years' MSR. 730 ILCS 5/5-8-1(d)(2) (West 2020). Effective

---

[2]Defendant makes no argument that counsel provided ineffective assistance by failing to make an effective demand for trial and has, therefore, forfeited any such argument. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.").

July 1, 2021, the prescribed term of MSR for most Class 2 felonies became 12 months. *Id.*; Pub. Act 101-652, § 10-281 (eff. July 1, 2021). Defendant's sentencing judgment was entered on May 10, 2021. The court denied his motion to reconsider sentence on July 16, 2021. Defendant contends that, because his motion to reconsider was pending when the change in law occurred, he is entitled to elect for sentencing under the new law.

¶ 17    Where the temporal reach of a new law is not explicitly indicated, section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2020)) provides that reach. *People v. Hunter*, 2017 IL 121306, ¶ 22. In relevant part, section 4 provides that: "[i]f any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment *pronounced after the new law takes effect.*" (Emphasis added.) 5 ILCS 70/4 (West 2020). Our supreme court has long held that section 4 does not give "defendant the right to be sentenced under a law not in full force and effect at the time of his sentence." *People v. Lisle*, 390 Ill. 327, 328 (1945); see also *People v. Hansen*, 28 Ill. 2d 322, 340-41 (1963); *Hunter*, 2017 IL 121306, ¶ 54.

¶ 18    Here, the sentencing judgment was pronounced on May 10, 2021, prior to the effective date of the new MSR statute. Defendant's pending motion to reconsider sentence does not change the fact that the judgment had been pronounced before the July 1, 2021, effective date. The purpose of a motion to reconsider is not to provide a new sentencing hearing but to determine whether the initial sentence was appropriate and correct. *People v. Vernon*, 285 Ill. App. 3d 302, 304 (1996). Only a retroactive change in the law would affect a sentence, such as defendant's, which was pronounced prior to the effective date of the new law. *People v. Foster*, 2022 IL App (3d) 210342-U, ¶ 16; see also Ill. S. Ct. R. 23(e)(1) (eff. Jan. 1, 2021) (stating that a nonprecedential order entered under Rule 23(b) "may be cited for persuasive purposes"). While defendant relies on

*People v. Spears*, 2022 IL App (2d) 210583, in support of his position, we reject *Spears*, instead adopting our court's decision in *Foster*, 2022 IL App (3d) 210342-U. We note that the Fourth District has since endorsed our reasoning in *Foster* and declined to follow *Spears*. See *People v. Brown*, 2023 IL App (4th) 220400, ¶¶ 45-51. Accordingly, the court did not err in denying defendant the benefit of the new sentencing statute.

¶ 19    Defendant argues that counsel provided ineffective assistance for acquiescing to the court's statements that the change in MSR would not apply to defendant's case and failing to advocate for the application of those changes. However, as discussed above, the court correctly indicated that the change in the law did not apply to defendant. Defendant cannot demonstrate prejudice from counsel's failure to disagree with the court's correct statement of the law or advocate for relief that defendant was not entitled to. See *People v. Simpson*, 2015 IL 116512, ¶ 35 ("A defendant must satisfy both prongs of the *Strickland* test and a failure to satisfy any one of the prongs precludes a finding of ineffectiveness.").

¶ 20                                III. CONCLUSION

¶ 21    The judgment of the circuit court of Du Page County is affirmed.

¶ 22    Affirmed.

*People v. Stevenson*, 2023 IL App (3d) 220055

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 18-CF-2137; the Hon. Ann Celine O'Hallaren Walsh, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Kerry Goettsch, of State Appellate Defender's Office, of Elgin, for appellant. |
| **Attorneys for Appellee:** | Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman and Eric R. Vincent, Assistant State's Attorneys, of counsel), for the People. |