# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

### *People v. Hunter*, 2013 IL 114100

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DEWAYNE HUNTER, Appellee. |
| Docket No. | 114100 |
| Filed | April 4, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where an arrest yielded cannabis and handguns, but the only charge filed by the State was for possession of cannabis with intent to deliver, five new gun charges later added by the State should have been joined with it and were properly dismissed where filed beyond the period for speedy trial. |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Joseph M. Claps, Judge, presiding. |
| Judgment | Affirmed and remanded. |

| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield, and Anita Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Michelle Katz, Tasha-Marie Kelly and Veronica Calderon Malavia, Assistant State's Attorneys, of counsel), for the People. |
|---|---|
| | Michael J. Pelletier, State Appellate Defender, Alan D. Goldberg, Deputy Defender, and S. Amanda Ingram, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellee. |
| Justices | JUSTICE FREEMAN delivered the judgment of the court, with opinion. Chief Justice Kilbride and Justices Thomas, Garman, Karmeier, Burke, and Theis concurred in the judgment and opinion. |

## OPINION

¶ 1     The circuit court of Cook County granted the motion of defendant, Dewayne Hunter, to dismiss several counts of his indictment for violating the compulsory joinder statute (720 ILCS 5/3-3(b) (West 2008)) and the speedy-trial statute (725 ILCS 5/103-5(b) (West 2008)). The appellate court affirmed the dismissal. 2012 IL App (1st) 092681. This court allowed the State's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010). We now affirm the judgment of the appellate court, and remand the cause to the circuit court for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3     For purposes of defendant's motion to dismiss, the parties do not dispute the underlying factual allegations. On October 5, 2008, Chicago police officers conducted a surveillance for narcotics activity around a building located at 4019 West Van Buren Street. The officers observed as follows. Defendant stood in the doorway of the building, while a codefendant stood on the sidewalk in front of the building. On two occasions, the codefendant accepted money from an unknown person and then nodded to defendant. In response, defendant retrieved an item from the vestibule behind him and handed it to the unknown person, who immediately walked away. The officers broke their surveillance and arrested defendant as he attempted to reenter the building's vestibule. An officer recovered 10.6 grams of cannabis and a handgun from the vestibule near defendant. Another officer recovered a second handgun from a staircase in the vestibule approximately five feet away from defendant.

¶ 4     The record contains the following procedural background. On October 6, 2008, defendant appeared before the circuit court on a charge of possession of cannabis. The State did not bring any charges relating to the handguns that had been recovered at the same time as the cannabis. The court found probable cause to detain and set bail. Defendant filed a written demand for trial.

¶ 5 On November 13, 2008, the State charged defendant by information with a single offense of possession of cannabis with intent to deliver. The State still did not bring any charges relating to the guns. The court found probable cause. Defendant again demanded trial. The matter was placed on the trial call, and several continuances were granted with defendant's agreement.

¶ 6 On March 23, 2009, the State informed the court and defendant that the State would seek to indict defendant on additional charges. On March 30, 2009, 175 days following defendant's October 6, 2008, demand for trial, the grand jury returned a six-count indictment against defendant: one count of being an armed habitual criminal (720 ILCS 5/24-1 (West 2008)), four counts of unlawful use of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2008)), and the original charge of possession of cannabis with intent to deliver (720 ILCS 550/5(c) (West 2008)).[1]

¶ 7 Defendant filed a motion to dismiss the five new gun-related counts of the indictment. He contended that the compulsory joinder statute (720 ILCS 5/3-3(b) (West 2008)) required the State to charge the gun-related offenses with the original cannabis charge. Defendant, who was released on bail, observed that the speedy-trial statute required that he be tried within 160 days from the date he demanded trial (725 ILCS 5/103-5(b) (West 2008)). Therefore, according to defendant, the State's failure to comply with the compulsory joinder statute regarding the additional gun charges resulted in a violation of the speedy-trial statute. The circuit court granted defendant's motion to dismiss the five gun-related charges, and denied the State's motion to reconsider. The State appealed pursuant to Supreme Court Rule 604(a)(1) (Ill. S. Ct. R. 604(a)(1) (eff. July 1, 2006)). The appellate court affirmed the dismissal. 2012 IL App (1st) 092681. The State appeals to this court.

¶ 8                                                    II. ANALYSIS

¶ 9 The State contends that the later-filed gun charges did not violate the speedy-trial statute. Criminal defendants possess both constitutional (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8) and statutory (725 ILCS 5/103-5 (West 2008)) rights to a speedy trial. While these provisions address similar concerns, the statutory right and the constitutional right are not coextensive. *People v. Woodrum*, 223 Ill. 2d 286, 298 (2006); *People v. Gooden*, 189 Ill. 2d 209, 216-17 (2000). In the case at bar, defendant asserted solely a violation of his statutory right to a speedy trial and did not raise a constitutional issue.

¶ 10 The speedy-trial statute provides, in pertinent part, that every defendant who was in custody for an alleged offense, and is subsequently released on bail, shall be tried within 160 days from the date the defendant files a written demand for trial. 725 ILCS 5/103-5(b) (West 2008). A defendant not tried within the statutory period must be released from his trial obligations and have the charges dismissed. 725 ILCS 5/103-5(d), 114-1(a)(1) (West 2008); *Woodrum*, 223 Ill. 2d at 299. The compulsory joinder statute requires the State to prosecute all known offenses within the jurisdiction of a single court in a single criminal case "if they are based on the same act." 720 ILCS 5/3-3(b) (West 2008). This court has described the

_____

[1]The codefendant appears only on the drug possession charge.

interplay between the speedy-trial and compulsory joinder statutes:

> "Compulsory joinder requires the State to bring multiple charges in a single prosecution. The charges are tried together unless the circuit court determines that a separate trial is required in the interest of justice. [Citation.] Once a speedy-trial demand is filed, the multiple charges are subject to the same speedy-trial period. If the charges are required to be brought in a single prosecution, the speedy-trial period begins to run when the speedy-trial demand is filed, even if the State brings some of the charges at a later date. 'Where new and additional charges arise from the same facts as did the original charges and the State had knowledge of these facts at the commencement of the prosecution, the time within which trial is to begin on the new and additional charges is subject to the same statutory limitation that is applied to the original charges.' *People v. Williams*, 94 Ill. App. 3d 241, 248-49 (1981)." *People v. Quigley*, 183 Ill. 2d 1, 13 (1998).

We have clarified that this rule applies only when the original and subsequent charges are subject to compulsory joinder. *People v. Williams*, 193 Ill. 2d 1, 16-17 (2000); *People v. Gooden*, 189 Ill. 2d 209, 217-19 (2000).

¶ 11 In the case at bar, the parties agree that the speedy-trial period for defendant was 160 days, beginning on October 6, 2008. However, the parties dispute whether the subsequent gun-related charges were subject to compulsory joinder with the original charge of possession of cannabis with intent to deliver. The appellate court held that the cannabis charge and the new gun-related charges were required to be prosecuted in a single prosecution because they were based on the same act of constructive possession of the cannabis and the handguns. Because defendant was charged with the new and additional gun-related offenses more than 160 days following his written demand for trial, the speedy-trial statute barred the prosecution of the gun-related charges. 2012 IL App (1st) 092681, ¶¶ 2, 35.

¶ 12 The State concedes that it knew of the gun-related offenses when it commenced the prosecution of the cannabis charge, and that all of the charges are within the jurisdiction of the circuit court. Thus, the core issue before this court is whether defendant's alleged possession of the cannabis and possession of the handguns were "based on the same act" within the meaning of the compulsory joinder statute. This is a matter of statutory construction, which is a question of law reviewed *de novo*. *People v. Gutman*, 2011 IL 110338, ¶ 12; *People v. Davis*, 199 Ill. 2d 130, 135 (2002).

¶ 13 The principles guiding our review are familiar. The primary objective in construing a statute is to ascertain and give effect to the intent of the legislature. The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning. A court must view the statute as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation. Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous. The court may consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one way or another. Also, a court presumes that the legislature did not intend to create absurd, inconvenient, or unjust results. *Gutman*, 2011 IL 110338, ¶ 12; *People v. Jackson*, 2011 IL

110615, ¶ 12; *People v. Botruff*, 212 Ill. 2d 166, 174-75 (2004).

¶ 14 The compulsory joinder statute provides:

"(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.

(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution *** *if they are based on the same act.*

(c) When 2 or more offenses are charged as required by Subsection (b), the court in the interest of justice may order that one or more of such charges shall be tried separately." (Emphasis added.) 720 ILCS 5/3-3 (West 2008).

¶ 15 In the case at bar, the appellate court held that defendant "engaged in a single act of simultaneous, constructive possession of the cannabis and the handguns." 2012 IL App (1st) 092681, ¶ 28. Assigning error to the appellate court, the State contends that "the weapons charges and the cannabis charges are fundamentally different with distinct elements, and as such, possession of each, under any circumstance, cannot be characterized as the 'same act.' " We cannot accept the State's contention because it contravenes the intent of the legislature.

¶ 16 Beginning with the plain language of the compulsory joinder statute, the term "act" is generally regarded as ambiguous. "The word 'act' has been defined in many different ways, often depending upon the purpose for which the word is used." 1 Wayne R. LaFave, Substantive Criminal Law § 6.1(a), at 422 (2d ed. 2003); accord Black's Law Dictionary 27 (9th ed. 2009) (" 'The term act is one of ambiguous import, being used in various senses of different degrees of generality.' " (quoting Glanville L. Williams, Salmond on Jurisprudence 367 (10th ed. 1947)).

¶ 17 However, the legislature has clarified the meaning of the term "act" as applied to this case. The legislature has defined possession as a voluntary "act." 720 ILCS 5/4-2 (West 2008). Further, the committee comments to the statute are a persuasive aid in ascertaining legislative intent of an ambiguous statute. *People v. Ross*, 168 Ill. 2d 347, 352 (1995); *People v. Wallace*, 57 Ill. 2d 285, 290 (1974). The committee comments explain: "Possession is another aspect of behavior which, while it does not necessarily involve a physical movement, is conveniently brought within the definition of 'act' when it refers to the keeping of a physical object." Ill. Ann. Stat., ch. 38, ¶ 4-2, Committee Comments–1961, at 195 (Smith-Hurd 1989).

¶ 18 This court has explained that the compulsory joinder statute "was enacted to prevent the prosecution of multiple offenses in a piecemeal fashion and to forestall, in effect, abuse of the prosecutorial process." *Quigley*, 183 Ill. 2d at 7. The committee comments explain as follows: " 'The same act' is designed to describe the situation in which several persons are affected by only one act of the defendant, such as *** the stealing, in a single container, of several articles of property belonging to different persons; or violating by one act two different statutory provisions." Ill. Ann. Stat., ch. 38, ¶ 3-3, Committee Comments–1961, at 102 (Smith-Hurd 1989). This court has not given the phrase "based on the same act" a hypertechnical interpretation to create multiple acts based on discrete moments in time.

Joinder is required where the defendant is engaged "in only one continuous and uninterrupted act." *Quigley*, 183 Ill. 2d at 11.

¶ 19    In the instant case, we agree with the appellate court that defendant was "engaged in a single act of simultaneous, constructive possession of the cannabis and the handguns," which "is analogous to both items being present in a single container that the defendant is alleged to have possessed." 2012 IL App (1st) 092681, ¶¶ 28, 29. It is undisputed that the contraband was not recovered from the actual, physical person of defendant, and that defendant was charged under a constructive possession theory. Constructive possession exists where there is no actual, personal, present dominion over contraband, but defendant had knowledge of the presence of the contraband, and had control over the area where the contraband was found. The doctrine of constructive possession has been applied to cannabis and weapons collectively as contraband. See *People v. Love*, 404 Ill. App. 3d 784, 788 (2010); *People v. Macias*, 299 Ill. App. 3d 480, 484 (1998); *People v. Feazell*, 248 Ill. App. 3d 538, 545 (1993). Further, "a possession crime is 'committed' at the time of the offender's arrest." *People v. Jenkins*, 383 Ill. App. 3d 978, 986 (2008).

¶ 20    In the case at bar, the State concedes that defendant simultaneously possessed the cannabis and two handguns, and that this contraband was discovered during the same search, at the same place, and at the same time. We conclude that these items of contraband were the object of the same act of constructive possession. Therefore, we hold that defendant's simultaneous possession of cannabis and handguns was the same "act" pursuant to the compulsory joinder statute because multiple offenses arose from this one act. See Ill. Ann. Stat., ch. 38, ¶ 3-3, Committee Comments–1961, at 102 (Smith-Hurd 1989).

¶ 21    However, the State urges us to "explicitly adopt an 'elements-based' analysis when evaluating whether compulsory joinder applies, examining the underlying criminal acts of the respective offenses to see if they are distinct, with different elements and evidence." The State argues that such a definition would be consistent with this court's decisions in the context of the "one act, one crime" doctrine, which concerns the number of convictions obtainable based on a single act or a series of closely related acts (*People v. Miller*, 238 Ill. 2d 161 (2010); *People v. Crespo*, 203 Ill. 2d 335 (2001); *People v. King*, 66 Ill. 2d 551 (1977)), and in the context of double jeopardy (*People v. Sienkiewicz*, 208 Ill. 2d 1 (2003)).

¶ 22    We decline the State's invitation. We must construe the phrase "based on the same act" in the context of compulsory joinder and not in other situations. See, *e.g.*, *People v. Dinger*, 136 Ill. 2d 248, 257 (1990) (construing specific statutory term in context in which language is used). Indeed, the committee comments observe that "the requirement of a single prosecution is independent of the problem of the number of convictions which may be obtained." Ill. Ann. Stat., ch. 38, ¶ 3-3, Committee Comments–1961, at 102 (Smith-Hurd 1989).[2] Therefore, elements-based analyses of issues such as the one act, one crime doctrine and double jeopardy are independent of the separate issue of whether multiple offenses are

---

[2]This also holds true for cases cited by defendant. See, *e.g.*, *People v. Carter*, 213 Ill. 2d 295, 302-04 (2004) (holding that, in context of one act, one crime doctrine, simultaneous possession of two firearms and ammunition constituted single offense).

based on the same act for compulsory joinder. See, *e.g.*, *People v. Flaar*, 366 Ill. App. 3d 685, 688-92 (2006) (applying different analyses for double jeopardy and compulsory joinder issues); *People v. Baker*, 77 Ill. App. 3d 943, 945 (1979) (explaining that circuit court did not determine whether possession of controlled substance was separate offense, "but rather determined that there was but a single act of possession within the statute concerning compulsory joinder"). We observe that in *People v. Davis*, 381 Ill. App. 3d 614, 618 (2008), and *People v. Davis*, 328 Ill. App. 3d 411, 414 (2002), the appellate court erroneously applied the definition of "act" employed in the context of the one act, one crime doctrine to the context of compulsory joinder; these decisions are hereby overruled.

¶ 23    The State further argues that our prior cases "reveal a clear pattern" that "relies on an elements-based definition of 'same act.' " We disagree. Some of the cases to which the State cites are distinguishable from the instant case in that they involve multiple offenses that arise from a series of closely related acts. See, *e.g.*, *Gooden*, 189 Ill. 2d at 220; *People v. Johnson*, 44 Ill. 2d 463, 475 (1970). In *Johnson*, which involved an initial charge of rape and a subsequent charge of burglary, this court observed that "the crimes are clearly distinct and require different elements of proof," but concluded that the offenses arose "from a series of closely related acts." *Johnson*, 44 Ill. 2d at 475. Indisputably, the legislature did not intend to impose joinder on offenses that "arise from a series of acts which are closely related with respect to the offender's single purpose or plan." See Ill. Ann. Stat., ch. 38, ¶ 3-3, Committee Comments–1961, at 102 (Smith-Hurd 1989); *Gooden*, 189 Ill. 2d at 219-20 (and cases cited therein). Also, in *Quigley*, this court made a passing reference to the statutory language of the charged offenses. *Quigley*, 183 Ill. 2d at 9-10. However, this court held that the single act of driving while intoxicated was the basis of the multiple offenses charged, which, therefore, were subject to compulsory joinder. *Id.* at 11.

¶ 24    Our conclusion is supported by considering the consequences of the State's position. In arguing against defendant's motion to dismiss before the circuit court, the State pressed its elements-based definition of act, based on cases such as *King* and *Crespo*. The following colloquy occurred:

> "THE COURT: So here's my question, if somebody was serving a search warrant on a house and looking for a variety of unlawfully possessed items and they searched in the house and they found automatic weapons in one bedroom and counterfeit money in another bedroom and stolen goods in a third bedroom and a pound of cocaine in the kitchen and a stolen car in the garage, are those—is that one act or several acts?
>
> [Prosecutor]: Under the definition in Crespo and the King definition, those would be separate acts, Judge.
>
> THE COURT: No kidding.
>
> [Prosecutor]: Because they can support multiple charges, multiple offenses: Possession of controlled substance, possession of stolen motor vehicle, et cetera.
>
> THE COURT: So you think then in that scenario the police could charge the defendant with possession of one item, and then 160 days or so later file some more charges, and then 160 days later file some more charges?

[Prosecutor]: Yes, I do. I think that's exactly the law, Judge.

THE COURT: No kidding."

The circuit court obviously rejected the absurd and unjust consequences of the State's contention. We do likewise.

¶ 25       The legislature intended the compulsory joinder statute to prevent the successive prosecutions of multiple offenses described in the above-quoted colloquy. See *Quigley*, 183 Ill. 2d at 7. The committee comments expressly distinguish the issue of compulsory joinder from the independent issue of the number of charges and convictions that may be obtained. Ill. Ann. Stat., ch. 38, ¶ 3-3, Committee Comments–1961, at 102 (Smith-Hurd 1989). While the simultaneous possession of different types of contraband may give rise to multiple separate offenses, those offenses are subject to compulsory joinder if they are based on the same act. 720 ILCS 5/3-3(b) (West 2008). Consequently, subsequent charges are subject to the speedy-trial period of the original charge. See *Gooden*, 189 Ill. 2d at 217-19; *Quigley*, 183 Ill. 2d at 13.

¶ 26       As the appellate court observed, the State could have avoided this outcome by charging defendant with the gun-related offenses, of which the State was unquestionably aware, within 160 days of defendant's written demand for trial. 2012 IL App (1st) 092681, ¶ 34. "Undoubtedly some situations exist in which the prosecutor should be permitted to separate the trials of several offenses arising out of the same conduct: such, perhaps, as the unavoidable need for further investigation of one or more of the offenses, or complications of proof when several defendants are involved." Ill. Ann. Stat., ch. 38, ¶ 3-3, Committee Comments–1961, at 100 (Smith-Hurd 1989). In the instant case, if the State required a delay going to trial on the gun-related charges, it could have sought a court order to try the charges separately. See 720 ILCS 5/3-3(c) (West 2008) (court may order charges be tried separately in interest of justice).

¶ 27       In sum, defendant simultaneously possessed the cannabis and two handguns, and this contraband was discovered during the same search, at the same place, and at the same time. Based on these facts, we conclude that defendant committed a single physical act within the meaning of the compulsory joinder statute. Accordingly, the State was required to charge defendant with all of the offenses arising therefrom in a single prosecution. Defendant was initially charged with possessing cannabis. He filed a written demand for trial, which started the 160-day speedy-trial period. Defendant was charged with the gun-related offenses beyond this period. Therefore, we uphold the circuit court's dismissal of the gun-related charges. The original charge of possession of cannabis with intent to deliver remains undisturbed.

¶ 28                                    III. CONCLUSION

¶ 29       For the foregoing reasons, the judgment of the appellate court is affirmed, and the cause is remanded to the circuit court of Cook County for further proceedings.

¶ 30       Affirmed and remanded.