NOTICE

Decision filed 02/25/15. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2015 IL App (5th) 130255

NO. 5-13-0255

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Saline County. |
| | ) | |
| v. | ) | Nos. 12-CF-279; 12-CF-320 |
| | ) | |
| DEAN R. RAYMER, | ) | Honorable |
| | ) | Walden E. Morris, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE CATES delivered the judgment of the court, with opinion.
Justices Goldenhersh and Chapman concurred in the judgment and opinion.

**OPINION**

¶ 1     The defendant, Dean Raymer, was charged with three separate felonies, driving while license revoked, unlawful use of a credit card, and escape, and he was held in simultaneous custody in all three cases. The State elected to prosecute the driving-on-revoked charge first, but then failed to bring that case, or any other pending case, to trial within 120 days from the date the defendant was placed in custody. The defendant moved to dismiss all three cases on the ground that the State violated his statutory right to a speedy trial under section 103-5 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/103-5 (West 2010)). The State confessed the defendant's motion to dismiss

1

the driving-on-revoked case, and that case was dismissed with prejudice. The State objected to the dismissal of the remaining cases. After considering the arguments of counsel, the trial court dismissed the unlawful use of a credit card and escape cases with prejudice. On appeal, the State contends that the trial court erred as a matter of law in dismissing the unlawful use of credit card and escape charges because the speedy-trial clock was tolled under section 103-5(e) of the Code (725 ILCS 5/103-5(e) (West 2010)), upon the State's election to try the driving-on-revoked charge first. We affirm.

¶ 2    The procedural facts are not disputed. In August 2012, the State filed two separate felony cases against the defendant in the circuit court of Saline County. The defendant was charged with driving while license revoked (enhanced sentence) in No. 12-CF-272 and unlawful use of credit card in No. 12-CF-279. Arrest warrants were issued in each case, and the defendant was taken into custody on August 29, 2012.

¶ 3    On September 17, 2012, the Saline County circuit court granted the defendant's request for a 48-hour furlough. When the defendant did not return from the furlough on September 19, 2012, as ordered, he was charged with two counts of escape in No. 12-CF-320. The defendant eventually surrendered to authorities in Carmi, Illinois, on November 4, 2012. He was transported to Saline County on November 6, 2012, and he was held in custody in all three cases.

¶ 4    Initially, all of the defendant's cases were set for trial on February 20, 2013. During a pretrial hearing on December 20, 2012, the State announced that it intended to try the escape case first. Then, during the final pretrial conference on February 8, 2013, the State announced that it had decided to try the driving-on-revoked case first. The

2

defendant did not object to the change of election. He stated that he was ready for trial. The driving-on-revoked case was set for trial on February 20, 2013, but it was not tried on that date. The court file in the driving-on-revoked case is not included in the record on appeal, and we have not been provided with an explanation as to why that case was not tried as scheduled.

¶ 5     On March 20, 2013, the defendant filed a motion to dismiss in each pending case. The defendant noted that he had been held in simultaneous, continuous custody in all three cases since his arrest on November 6, 2012, and that the State had not brought him to trial on any one of those cases within 120 days of his custody date. The defendant claimed that his statutory right to a speedy trial was violated in each case. The defendant's motions were called for hearing on March 27, 2013. During the hearing, the State confessed the defendant's motion as to the driving-on-revoked case and moved to voluntarily dismiss it with prejudice. The State challenged the defendant's motions to dismiss the unlawful use of credit card and escape cases. The State argued that the order of dismissal of the driving-on-revoked case constituted a judgment, and that it had 160 days from the entry of that judgment in which to try the defendant's remaining cases under section 103-5(e) of the Code. The trial court dismissed the driving-on-revoked case with prejudice and took the remaining motions under advisement.

¶ 6     On May 8, 2013, the trial court entered orders dismissing the unlawful use of credit card case and the escape case with prejudice. The court found that the State did not bring the defendant to trial on the elected charge or any one of the unelected charges within 120 days of the defendant's custody date and thereby violated his right to a speedy

3

trial.

¶ 7　　On appeal, the State contends that the trial court erred as a matter of law in dismissing the unlawful use of credit card and escape cases based on speedy-trial violations.　The State claims that under section 103-5(e) of the Code, the speedy-trial clock was stayed on the unlawful use of credit card charge and the escape charge upon its election to try the driving-on-revoked case first, and that the clock remained frozen through the period that the defendant's motions to dismiss were under submission.　Based on the State's calculations, the 120-day speedy-trial period had not expired on either case as of the date the court dismissed them.

¶ 8　　The defendant initially contends that the State waived this issue because it did not make the same arguments in the trial court.　We do not agree.　Although the supporting arguments made by the State on appeal differ from those made in the trial court, the general issues regarding the construction and application of section 103-5(e) were raised in and decided by the trial court.　After reviewing the record, we find that the issue has been preserved for review.

¶ 9　　The issue on appeal involves the interpretation of subsection (e) of section 103-5 of the Code, commonly called the "speedy-trial statute."　The construction of a statute is a question of law that is reviewed *de novo*.　*People v. Hunter*, 2013 IL 114100, ¶ 12, 986 N.E.2d 1185; *People v. Campa*, 217 Ill. 2d 243, 252, 840 N.E.2d 1157, 1164 (2005).　The primary objective in construing a statute is to ascertain and give effect to the legislative intent.　*Hunter*, 2013 IL 114100, ¶ 13, 986 N.E.2d 1185.　The most reliable indicator of legislative intent is the language in the statute, and the statutory language is accorded its

4

plain and ordinary meaning. *Campa*, 217 Ill. 2d at 252, 840 N.E.2d at 1164. A court may also consider the underlying purposes for the law, the problems to be remedied, and the consequences of construing a statute one way or another. *Hunter*, 2013 IL 114100, ¶ 13, 986 N.E.2d 1185. In construing a statute, a court presumes that the legislature did not intend to create an absurd, inconvenient, or unjust result. *Hunter*, 2013 IL 114100, ¶ 13, 986 N.E.2d 1185. The speedy-trial statute is to be liberally construed so as to give effect to the constitutional right to a speedy trial. *Campa*, 217 Ill. 2d at 252, 840 N.E.2d at 1163.

¶ 10    A criminal defendant has both a constitutional right (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8) and a statutory right (725 ILCS 5/103-5 (West 2010)) to a speedy trial. In this case, the defendant claimed that his statutory right to a speedy trial was violated.

¶ 11    The speedy-trial statute sets out specific time periods within which a criminal defendant must be brought to trial. 725 ILCS 5/103-5 (West 2010). Section 103-5(a) of the speedy-trial statute provides that a defendant in custody in Illinois for an alleged offense shall be tried within 120 days from the date he was taken into custody unless a delay is occasioned by the defendant or is the result of other circumstances specified in this section. 725 ILCS 5/103-5(a) (West 2010). Section 103-5(b) provides that a defendant who has been released on bail shall be tried within 160 days from the date he files a written demand for trial. 725 ILCS 5/103-5(b) (West 2010). Under section 103-5(d), a defendant who is not tried in accordance with the time periods set out in subsections (a) and (b) shall be discharged from custody or released from the obligations

5

of his bail or recognizance. 725 ILCS 5/103-5(d) (West 2010).

¶ 12 Section 103-5(e) of the speedy-trial statute addresses situations in which a defendant is in simultaneous custody on unrelated charges. 725 ILCS 5/103-5(e) (West 2010). Section 103-5(e) provides as follows:

"If a person is simultaneously in custody upon more than one charge pending against him in the same county, or simultaneously demands trial upon more than one charge pending against him in the same county, he shall be tried, or adjudged guilty after waiver of trial, upon at least one such charge before expiration relative to any of such pending charges of the period prescribed by subsections (a) and (b) of this Section. Such person shall be tried upon all of the remaining charges thus pending within 160 days from the date on which judgment relative to the first charge thus prosecuted is rendered *** or, if such trial upon such first charge is terminated without judgment and there is no subsequent trial of, or adjudication of guilt after waiver of trial of, such first charge within a reasonable time, the person shall be tried upon all of the remaining charges thus pending within 160 days from the date on which such trial is terminated; if either such period of 160 days expires without the commencement of trial of, or adjudication of guilt after waiver of trial of, any of such remaining charges thus pending, such charge or charges shall be dismissed and barred for want of prosecution unless delay is occasioned by the defendant ***." 725 ILCS 5/103-5(e) (West 2010).

¶ 13 Section 103-5(e) is applicable in this case because the defendant was in simultaneous custody on three separate cases. Under the State's interpretation of section

103-5(e), the speedy-trial clock is tolled upon its election of which charge to try first. We do not agree. Section 103-5(e) requires the State to try the defendant, or obtain an adjudication of guilt after waiver of a trial, on at least one of the pending charges within 120 days from the date he was taken into custody. If the defendant is tried or adjudged guilty on one of the pending charges in a timely manner, section 103-5(e) accords the State an additional 160 days from the date judgment is entered on the first charge to try the remaining charges. 725 ILCS 5/103-5(e) (West 2010). The legislative intent behind section 103-5(e) is to preserve a defendant's right to a speedy trial while also mitigating the State's burden of preparing more than one charge for trial. *People v. Kliner*, 185 Ill. 2d 81, 123, 705 N.E.2d 850, 873 (1998); *People v. Cavitt*, 246 Ill. App. 3d 514, 520, 616 N.E.2d 666, 670 (1993). After considering the statutory language and the legislative intent, we conclude that it is the commencement of the trial, or an adjudication of guilt after waiver of a trial, on at least one of the pending charges, and not the mere election of which charge will be tried first, that provides the additional time to try the unelected charges. Thus, section 103-5(e) provides for the tolling of the speedy-trial clock and the additional time as long as the State proceeds to trial or obtains an adjudication of guilt on one of the charges within the initial 120-day period. See generally *People v. Quigley*, 183 Ill. 2d 1, 14-15, 697 N.E.2d 735, 741-42 (1998). This interpretation satisfies the legislative intent and purposes of this section and the speedy-trial statute.

¶ 14    In this case, the defendant was neither tried nor adjudged guilty after waiver of a trial on the elected case, driving on revoked, or any of the other pending cases, within 120 days of his custody date. The State has offered no reason why the elected charge was

7

not tried with the initial 120-day period, and there is no reason apparent from the record. Because the State failed to clear the first statutory hurdle, the speedy-trial clock was not tolled on any of the unelected charges. The State cannot obtain more time to try the unelected charges by virtue of its own failure to bring the elected charge to trial within the requisite time. *Quigley*, 183 Ill. 2d at 14-15, 697 N.E.2d at 741-42. Otherwise, the State would be permitted to derive unjust benefits from strategic violations of section 103-5(e). We do not believe the legislature could have intended such a result.

¶ 15 In this case, the State failed to bring a defendant to trial, or obtain an adjudication of guilt, on at least one of the pending charges within 120 days of his custody date. The trial court did not err in finding that the defendant's statutory right to a speedy trial was violated.

¶ 16 Accordingly, the orders of the circuit court, dismissing the charges in Nos. 12-CF-279 and 12-CF-320 with prejudice, are affirmed.

¶ 17 Affirmed.

2015 IL App (5th) 130255

NO. 5-13-0255

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

THE PEOPLE OF THE STATE OF ILLINOIS, )   Appeal from the
                                                    )   Circuit Court of
       Plaintiff-Appellant,            )   Saline County.
                                                      )
v.                                                    )   Nos. 12-CF-279; 12-CF-320
                                                      )
DEAN R. RAYMER,                    )   Honorable
                                                      )   Walden E. Morris,
       Defendant-Appellee.          )   Judge, presiding.
_____

**Opinion Filed:**         February  25, 2015
_____

**Justices:**        Honorable Judy L. Cates, P.J.

                 Honorable Richard P. Goldenhersh, J., and
                 Honorable Melissa A. Chapman, J.,
                 Concur
_____

**Attorneys**      Hon. Michael Henshaw, State's Attorney, Law Enforcement and
**for**            Detention Center, 1 North Main Street, Suite 3, Harrisburg, IL 62946,
**Appellant**     Patrick Delfino, Director, Stephen E. Norris, Deputy Director, Patrick
                 D. Daly, Staff Attorney, Office of the State's Attorneys Appellate
                 Prosecutor, 730 East Illinois Highway 15, Suite 2, P.O. Box 2249, Mt.
                 Vernon, IL 62864
_____

**Attorneys**      Michael J. Pelletier, State Appellate Defender, Ellen J. Curry, Deputy
**for**            Defender, Lawrence J. O'Neill, Assistant Appellate Defender, Office of
**Appellee**      the State Appellate Defender, Fifth Judicial District, 909 Water Tower
                 Circle, Mt. Vernon, IL 62864