# Illinois Official Reports

## Appellate Court

---

**People v. Smith, 2017 IL App (1st) 161231**

---

Appellate Court
Caption

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JEROME SMITH, Defendant-Appellee.

District & No.

First District, Second Division
Docket No. 1-16-1231

Filed

May 2, 2017

Decision Under
Review

Appeal from the Circuit Court of Cook County, No. 15-CR-9000; the Hon. Neil Linehan, Judge, presiding.

Judgment

Affirmed.

Counsel on
Appeal

Lisa Madigan, Attorney General, of Chicago (David L. Franklin, Solicitor General, and Michael M. Glick and Garson Fischer, Assistant Attorneys General, of counsel), for the People.

No brief filed for appellee.

Panel

JUSTICE NEVILLE delivered the judgment of the court, with opinion.
Justices Pierce and Mason concurred in the judgment and opinion.

**OPINION**

¶ 1    When police searched Jerome Smith's home, they found marijuana and counterfeit currency. Smith admitted that he used equipment police found in his home to make the counterfeit currency. The State accused Smith of marijuana possession, and he pled guilty to the charge. More than a year later, prosecutors persuaded a grand jury to indict Smith for manufacturing counterfeit currency, where the grand jury based the new charge on evidence the State obtained in connection with the search that led to the charge of marijuana possession. The circuit court granted Smith's motion to dismiss the counterfeiting charge, as the circuit court found that the compulsory joinder statute (720 ILCS 5/3-3 (West 2012)) required the State to charge Smith with counterfeiting when it prosecuted Smith for marijuana possession. We find that under the reasoning of *People v. Hunter*, 2013 IL 114100, the new charge violates the compulsory joinder statute. Accordingly, we affirm the trial court's judgment.

¶ 2                                    BACKGROUND

¶ 3    On December 16, 2013, an informant gave a statement to police informing them that Jerome Smith had contraband in his home. Two days later, Chicago police officers and special agents for the United States Secret Service searched Smith's home. They found marijuana, counterfeit currency, and some machinery and tools. Police arrested Smith. A Secret Service agent interviewed Smith, and on the day of the arrest, December 18, 2013, Smith signed a statement in which he admitted that for three months, he had used the machinery and tools to make counterfeit currency.

¶ 4    The State charged Smith with possession of marijuana, and on May 29, 2014, Smith pled guilty to the charge. The circuit court sentenced Smith to probation. The United States Attorney's Office decided not to prosecute Smith for counterfeiting. The Cook County State's Attorney's Office also decided not to prosecute Smith further. The Illinois Attorney General decided to pursue further charges based on the informant's statement, Smith's statement, and the items found in the December 18, 2013, search of Smith's home. On June 9, 2015, a grand jury indicted Smith for manufacturing counterfeit currency between September 2013 and December 2013.

¶ 5    Smith moved to dismiss the indictment, arguing that the new charge violated the compulsory joinder statute. The circuit court granted the motion to dismiss and denied the State's motion to reconsider. The State now appeals.

¶ 6                                    ANALYSIS

¶ 7    Smith has not filed an appellee's brief. We will consider the case on the basis of the State's brief alone. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 8    The compulsory joinder statute provides:

"(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.

(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must

be prosecuted in a single prosecution *** if they are based on the same act." 720 ILCS 5/3-3 (West 2012).

¶ 9　The State admits prosecutors knew of the counterfeiting when they charged Smith with marijuana possession and that the Cook County criminal court had jurisdiction to adjudicate both the marijuana charge and the counterfeiting charge. The State contests only the circuit court's finding that the counterfeiting and the possession of marijuana constituted the "same act" within the meaning of the compulsory joinder statute. Because the case presents an issue that requires this court to engage in statutory construction, we review the judgment *de novo*. *Hunter*, 2013 IL 114100, ¶ 12.

¶ 10　In *Hunter*, the court explained the objective in construing a statute as follows:

"The primary objective in construing a statute is to ascertain and give effect to the intent of the legislature. The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning. A court must view the statute as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation. Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous. The court may consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one way or another. Also, a court presumes that the legislature did not intend to create absurd, inconvenient, or unjust results." *Hunter*, 2013 IL 114100, ¶ 13.

¶ 11　The General Assembly enacted the compulsory joinder statute "to prevent the prosecution of multiple offenses in a piecemeal fashion and to forestall, in effect, abuse of the prosecutorial process. [Citations.] A prosecutor might otherwise harass a defendant through successive prosecutions of multiple offenses and put a defendant through the expense of several trials until the prosecutor obtains a result that satisfies him." *People v. Quigley*, 183 Ill. 2d 1, 7 (1998).

¶ 12　The circuit court relied on *Hunter*, 2013 IL 114100, as authority supporting its dismissal of the indictment. In *Hunter*, police found marijuana and guns when they arrested Hunter. The State charged Hunter with marijuana possession, and Hunter demanded trial. Six months later, the State obtained from the grand jury an indictment against Hunter on five new charges related to gun possession. Hunter moved to dismiss the gun-related charges under the compulsory joinder statute. The circuit court granted the motion, and the State appealed.

¶ 13　The *Hunter* court said:

"Beginning with the plain language of the compulsory joinder statute, the term 'act' is generally regarded as ambiguous. 'The word "act" has been defined in many different ways, often depending upon the purpose for which the word is used.' 1 Wayne R. LaFave, Substantive Criminal Law § 6.1(a), at 422 (2d ed. 2003); accord Black's Law Dictionary 27 (9th ed. 2009) (' "The term act is one of ambiguous import, being used in various senses of different degrees of generality." ' (quoting Glanville L. Williams, Salmond on Jurisprudence 367 [(10th ed. 1947)))].

* * *

*** In arguing against defendant's motion to dismiss before the circuit court, the State pressed its elements-based definition of act ***. The following colloquy occurred:

'THE COURT: So here's my question, if somebody was serving a search warrant on a house and looking for a variety of unlawfully possessed items and they searched in the house and they found automatic weapons in one bedroom and counterfeit money in another bedroom and stolen goods in a third bedroom and a pound of cocaine in the kitchen and a stolen car in the garage, are those—is that one act or several acts?

[Prosecutor]: Under the definition in Crespo and the King definition, those would be separate acts, Judge.

THE COURT: No kidding.

[Prosecutor]: Because they can support multiple charges, multiple offenses: Possession of controlled substance, possession of stolen motor vehicle, et cetera.

THE COURT: So you think then in that scenario the police could charge the defendant with possession of one item, and then 160 days or so later file some more charges, and then 160 days later file some more charges?

[Prosecutor]: Yes, I do. I think that's exactly the law, Judge.

THE COURT: No kidding.'

The circuit court obviously rejected the absurd and unjust consequences of the State's contention. We do likewise.

The legislature intended the compulsory joinder statute to prevent the successive prosecutions of multiple offenses described in the above-quoted colloquy. ***

***

In sum, defendant simultaneously possessed the cannabis and two handguns, and this contraband was discovered during the same search, at the same place, and at the same time. Based on these facts, we conclude that defendant committed a single physical act within the meaning of the compulsory joinder statute." *Hunter*, 2013 IL 114100, ¶¶ 16-27.

¶ 14    The State argues that printing the counterfeit currency from September through December 2013 cannot count as the same act as possessing drugs on December 18, 2013. In effect, the State contends that our supreme court would respond differently to the hypothetical situation posited by the circuit court judge in *Hunter*, if the judge made one change. If police found drugs, guns, counterfeit money, and machinery used to make counterfeit money, possession of the drugs and guns would count as one act separate from the act of making counterfeit money. The State argues that the compulsory joinder statute permits it to charge the defendant with drug and gun possession, wait 160 days, and then file new charges based on the possession of counterfeit money and machinery used to make counterfeit money, as long as the State charged the defendant with making, and not possession of, counterfeit money.

¶ 15    We disagree. We do not believe the General Assembly intended to reward prosecutors for piecemeal litigation that harasses a defendant, as long as the State artfully pleads offenses discovered at the same time as separate acts committed at separate times. The State's interpretation of the compulsory joinder statute would permit prosecutors to impose consecutive sentences the court would not otherwise order, by waiting until the defendant served his sentence on one charge before formally seeking an indictment on other charges based on information prosecutors knew when they filed the original charges. We agree with the

circuit court that permitting the State to pursue the new charges here would contravene the purpose of the compulsory joinder statute as interpreted in *Hunter*.

¶ 16                                              CONCLUSION

¶ 17        Following the reasoning of *Hunter*, we find that the compulsory joinder statute barred the State from bringing against Smith new charges arising from his possession of items found in the search of his home on December 18, 2013, after Smith pled guilty to (and served most of his sentence for) possessing marijuana police found in their search on December 18, 2013. Accordingly, we affirm the trial court's judgment dismissing the new charges.

¶ 18        Affirmed.